July 25, 2018

Daniel A White, Esq.
Philip Montoya, Esq. Trustee
Askew & Mazel, LLC
1122 Central Avenue, SW, Suite 1
Albuquerque, NM 87102
FAX: 505-433-3097

FILED
at 11:25 o'clock A M

JUL 30 2018

United States Bankruptcy Court
Albuquerque, New Mexico

Re: 16-12947-j7
Las Cruces Country Club, Inc.

Mr. White and Mr. Montoya;

We, as Interested Parties and Friends of the Court, hereby OBJECT to the Chapter 7 Trustee's Motion to Approve the Sale of all Assets and the settling of lawsuit "Montoya v Park Ridge Properties, LLLP & LC Medical Properties, LLLP" to **Cruces Equity Partners (CEP)** for the following reasons::

The Bankruptcy Trustees have erred in allowing the Party named in the "Second Motion to Approve the Sale of all Assets of the Bankruptcy Estate Free and Clear of Liens Claims or Interests" to buy this land. First and foremost, this party is another "Insider" in the truest sense of the word, as is described below.

This act of allowing Cruces Equity Partners (CEP) to purchase the 76 Acres at stake, the remainder of the Las Cruces Country Club (LCCC), for a fraction of its original sale cost violates several federal and state laws. First and foremost, this company is a "false flag" firm that is actually at the same location, with the same officers and employees of NA 1st. Valley Real Estate, which, along with Park Ridge Properties, LLLC, were the direct cause of the bankrupting of the Las Cruces Country Club, LLC, an over 90 year old not-for-profit golf course. The named partiy CEP. Is a shell corporation for Realtor Randy McMillan, NA 1st Valley AKA Cruces Equity Partners, LLC, have orchestrated in a manner that is illegal/fraudulent on its face and since has participated in multiple violations of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, specifically the following:

1) <u>To avoid a promissory note and security interest in violation of the Limited Liability Company Act (Section 546 (a) (1) (A) and Section 502 and 502 (e)</u>. This company, under the name NA 1st Valley conspired to avoid $1,000,000 payments per year for five years plus requisite property taxes through deceit and misrepresentation. The contract signed by the Las Cruces Country Club, Inc., hereafter known as the LCCC was represented as requiring Mr. Pofahl's companies to pay this mortgage regularly as well as property taxes when in fact he and NAI/First Valley Realty wrote the mortgage to avoid making any payments into perpetuity if Mr. Pofahl did not succeed in obtaining Planned Unit Development (PUD) status, which he did not pursue after one ~~(1)~~ failed attempt over five years ago. NA 1st Valley represented both parties to the sale and was clearly working against the interests of the LCCC and its creditors when it did so.

2) <u>To avoid intentional fraudulent transfer under the Uniform Fraudulent Transfer Act (Statute 56-10-14 et sec. NMSA 1978 (1996 Repl.), hereafter UFTA)</u>. NA 1st Valley Realty, acting now as CEP, created a conflict of interest by representing the LCCC without regard for their interest or fiduciary duty to the LCCC members from whom they have claimed hundreds of thousands in realtor fees. The mortgage was willfully written to avoid payments to the LCCC leaving them and their debtors with over $3,200,000 in debt. Furthermore, they purchased the property in its entirety and then "subdivided" it, gifting the LC Medical Properties with 34 acres for the entire amount of cash involved in the original transaction, their "down payment" of $2,100,000. The 34 acres was immediately deeded to the LC Medical Properties leaving the remaining 76 acres to be held in Mr. Pofahl's possession for $10 and a mortgage that is and was worthless. They transferred substantially all of the debtor's

1

assets (the property) to <u>newly created corporation(s) particularly Las Cruces Properties, LLLC, having a special relationship with the person to whom the property was transferred, i.e., Mr. Robert Pofahl.</u>

3) <u>To avoid a constructive fraudulent transfer under the Uniform Fraudulent Transfer Act.</u> The buyers, particularly NA 1st Valley committed constructive fraud in the following manner: The LCCC (debtor) received substantially less than "reasonably equivalent value", and the LCCC is unable to pay debts either at the time of transfer (2014) and as a result of the transfer itself. Because of the Buyer's constructive Fraud, the LCCC entered into contracts that they were immediately unable to fulfill, resulting in the entire loss of their assets, including the property (76 acres) held as equity as well as the golf course they purchased in Good Faith, Sonoma Ranch, leaving them with over $3,000,000 in debt that they could not service because of the unlawful and unethical acts of NA 1st Valley, acting now as CEP.

4) <u>The sale is to an "Insider" who should not be able to enjoy the poisoned fruits of their fiscal irresponsibility and fraud, according to the New Mexico Bankruptcy Statute and case law (UFTA Sec. 56-10-18).</u> The principals of NA1st Valley, Inc., aka Cruces Equity Partners, are "Insiders" who must be prohibited from re-purchasing this land for more than half of the value of the note that was deceptively defaulted on as a Corporation. Cruces Equity Partners, LLC, is a NM Corporation that establishes its address at the exact same location as NA 1st Valley Realty, with principal Randy McMillan. Both of these entities function under multiple Corporations clouding the actual persons who engaged in the Fraudulent Transfer. The fact that the sale basically eradicates the False Transfer litigation does not make it any more unethical or unlawful.

The sale being contemplated now, based on an "appraisal" done with Randy McMillan as an expert witness, is a joke. First, Mr. McMillan is a DEBTOR, a perpetrator of the bankruptcy, and has no interest in showing the true value of this land. Instead he first stated the value had dropped within two (2) weeks from $3.2m to $1.9m due to interference by another hospital, which was slanderous, untrue, unproven and never investigated. Now CEP is offering $2.2m for the same land which was originally sold BY THEIR OTHER FRONT CORPORATION, NA 1ST Valley for $4.9m, for which not one payment has been made.

These shell corporations function under numerous aliases and cover LLLC's. Their use is to distract the Trustees from the obvious fact that the duplicitous acts of these parties deprived the LCCC and its creditors of full value of their property and now are perverting the bankruptcy itself to enrich themselves at less than half (50%) of what is owed, without interest or penalties, and to reclaim the property they themselves forced into bankruptcy.

5) <u>This sale is a Breach of Fiduciary Duty on the part of the Trustee</u> and any Advocate (legal representative) of the LCCC. The damages to the LCCC were severe. They were forced to give up, i.e., default, on a Golf Course and Restaurant they purchased in Good Faith, losing not only their $2,100,000 down payment, but also being held liable for $3,700,000 from the remainder of the contract with Sonoma Ranch. The LCCC had additional creditors as well who were defrauded and have waited now nearly three years to regain even a portion of the amount owed them. Whereas, the first "bid" by Cruces Equity Partners, LLC was a mere $220,000, the intent was to regain the property for next to nothing, something Mr. Robert Pofahl had already accomplished with the devious contract written by NA 1st Valley for the transfer of the land from LCCC to Pofahl's several "Corporations".

6) <u>Transfers that are Fraudulent as to Present Creditors</u>. Before the time of the original sale by the LCCC, creditors had already been identified and claims were in place. These claims are now under the protection of the Court but the transfer is considered fraudulent because the Debtor (LCCC) made the transfer <u>without receiving a reasonable equivalent value ... and the Debtor became insolvent as a result of the transfer or obligation</u>. The LCCC received NOTHING from the sale of the 76 acres controlled by Robert Pofahl's controlled LLLP, Park Ridge Properties and its accomplice NA 1st Valley ne CEP. Therefore they became insolvent, without assets, and had to dissolve their own 90+ years old NFP Corporation and all member assets.

2

7) <u>The new proposed sale constitutes another False Transfer because the transfer is being proposed to an "Insider" for an antecedent debt</u>. The debtor was insolvent at that time and the Insider had reasonable cause to believe that the debtor was insolvent. Sale to Randy McMilllan's sham Corporation, Cruces Equity Partners, co-perpetrator of the LCCC insolvency and debt to mass creditors repeats the original Fraudulent Transfer and shirking of creditor debt.

8) <u>The requirement to Recover Property of the Estate</u> is paramount in this action. First an unauthorized <u>"Auction"</u> was held under the Court ordered <u>Mediation</u> and without sanction of the Court. In fact, trickery was used by Park Ridge and NA 1st Valley/Cruces Equity Partners representatives to place an arbitrary endpoint for "bids" on the 76 acres at contest as the LCCC sole asset. They also tried to begin the "bidding" at a time after their competitor would leave the proceedings believing them to be done. This failing, the NA 1st Valley dredged up its false flag corporation, CEP, to act as a new and original potential buyer when in fact it is the same organization under a different name.

9) <u>The Trustee, Mr. Montoya, made clear his duty is to bring the highest possible sale price for this land.</u> This deal is neither fair nor equitable, as it is clearly a sweetheart arrangement between Trustee and a covert insider buyer who has manipulated the bargain bin sale price through chicanery, slander and guile. The law looks poorly on lack of competitiveness of bids, such as disallowing an open auction on this land, particularly now that the price is a bargain basement $2.2m, a 220% reduction in price due to the chicanery of NA 1st Valley/CEP which very likely has given Bob Pofahl at place at the banquet table. "While discussing the competing offers, the Court indicated there was a duty for the Chapter 7 <u>Trustee to maximize any surplus for the benefit of the non-profit</u>". (US Bankruptcy Court Order: February 22, 2018). At $2.2m, an auction on the Court House steps can likely bring other more affluent bidders into the game. Unless this is done, the only thing we will know is the price that CEP gets when it resells this land in a repeat of its initial gaming. The NMSU Foundation will gain nothing from this new transaction.

10) <u>NA 1st Valley, acting as CEP, is not a bona fide buyer.</u> Instead this co-instigator of the land fraud and "insider" is using its insider knowledge to obliterate any other purchasers. Finally, since CEP has had difficulty coming up with the $2.2m purchase price, there is no indication that it has any further monies to invest in this blighted, debauched, deteriorated property. NA 1st Valley was complicit in arranging a falsely low appraisal of this land using Randy McMillan, NA 1st Valley and CEP principal, to set a price so low as to be laughable if not criminal. To justify this price, first $1.9m then $2.2m, Mr. McMillan and Attorney Robert Feiulle concocted the lie, repeated in two US Bankruptcy Court hearings, that another hospital (Mountain View Regional Medical Center), I, Connie Potter, and others have colluded since 2014 to stop the building of the hospital on the other parcel. The trustee and his legal counsel did nothing to investigate this false and slanderous claim which included the illegal transfer of money from the hospital to the supposed interferers with this great land deal. That alone shows that CEP is a devious, unreliable, lying group that will slander, libel, and otherwise disparage community members and a well-regarded hospital without challenge by the Bankruptcy Court or Trustees. Our faith in this motion is nil. It is an illegal sale to a front company for insiders, a basic violation of bankruptcy law.

These facts we attest to be true and verified by Court documents, audio recordings of Court proceedings, and conversations with parties to this case: Mr. Philip Montoya, Eva Nevarez St. John.

Signed on July 25, 2018

*Constance Potter* (signature)
Constance J. Potter, RN, MBA:HCA
2505 Desert Drive
Las Cruces NM 88001
575-524-2443

*Eva Nevarez St. John* (signature)
Eva Nevarez St. John, JD
1725 Mariposa
Las Cruces NM 88001
575-528-9112

3