UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LAS CRUCES COUNTRY CLUB, INC.,            Case No. 16-12947-j7
a New Mexico Non-Profit Corporation,

         Debtor.

**LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S SECOND MOTION TO APPROVE SALE OF ALL ASSETS OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS, CLAIMS, OR INTERESTS**

The City of Las Cruces ("**City**"), through counsel Keleher & McLeod, P.A. (James L. Rasmussen), hereby objects to Chapter 7 Trustee's Second Motion to Approve Sale of All Assets of the Bankruptcy Estate Free and Clear of Liens, Claims, or Interests, filed July 18, 2018 (the "**Motion**"), as follows:

1. The Motion seeks approval of a sale of all of the estate's assets, specifically including, but not limited to, that certain Limited Recourse Promissory Note dated October 27, 2014 between Park Ridge Properties, LLLP, a New Mexico limited liability partnership ("**Park Ridge**") as Borrower, and the Debtor as Lender (the "**Note**"), a Mortgage dated effective October 27, 2014 between Park Ridge as mortgagor and the Debtor as mortgagee, recorded in records of the clerk of Dona Ana County, as Instrument No. 1422271 (the "**Mortgage**"), and any fraudulent transfer claims owned by the estate, to Cruces Equity Partners, LLLP ("**CEP**"). The sale would be free and clear of all liens, claims, or interests in such assets.

2. The property subject to the Mortgage is 76.11 acres consisting of the majority of the former site of Las Cruces Country Club off North Main Street and east of North Solano Drive, well within the City limits, and just north of the City's Apodaca Park.

1

3. The City asserts that it is in the public interest to acquire the property for public parks and to expand the existing Apodaca Park. This could be done upon default by Park Ridge on its Note and Mortgage due October 27, 2019, or by negotiation with an owner, or by condemnation.

4. Upon information and belief, Park Ridge is expected by CEP, and perhaps by others, to default on its Note and Mortgage. There have also been allegations of impropriety in the CEP offer, including alleged common control between Park Ridge and CEP.

5. It is not clear why the proposed sale should include withdrawing the Trustee's objection to First Valley Realty, Inc.'s claim (the "**FVR Claim**") or Sonoma Ranch Golf Course, LLC and Sonoma Ranch Subdivision Ltd. Co.'s claim (the "**Sonoma Claim**") against the bankruptcy estate. If First Valley Realty, Inc. is a partner in or otherwise affiliated with CEP or Park Ridge, there may be additional issues of possible impropriety as to the FVR Claim.

6. The Motion notes that the Trustee "solicited interest from multiple distressed debt investors, and no party was willing to offer more than the purchase price." The Trustee did not solicit interest from the City which is willing to offer more than the purchase price offered by CEP.

7. It is in the best interest of the bankruptcy estate to realize the highest value for its assets, which the City believes will be accomplished by selling to the City and not to CEP under the Purchase Agreement attached to the Motion.

8. The City can be prepared within no more than two weeks to make a specific offer to purchase all the assets of the bankruptcy estate, which offer would be in excess of the currently proposed $2,200,000.00 price. The City can be prepared to close its purchase of all the estate's assets free and clear of liens, claims, and interests promptly after entry of the Court's order approving such a sale.

9. It is not at all clear that the $200,000.00 break-up fee described in Paragraph 5 of the Motion is appropriate for Court approval as being in the best interests of the estate; but, in any event, the City's anticipated offer will be more than $200,000.00 in excess of the $2,200,000.00 proposed purchase price and will not require the withdrawal of objections to the FVR Claim or the Sonoma Claim.

10. The City reserves the right to amend and/or supplement this Objection as it learns more of the matter and as it develops its own offer to purchase.

Accordingly, the City requests denial of the Motion or delay of hearing on the Motion to a date on which the Court and the Trustee can consider the City's forthcoming offer at the same time.

Respectfully submitted,

Keleher & McLeod, P.A.

*Filed Electronically on 08/06/2018*
By: /s/ *James L. Rasmussen*
James L. Rasmussen
P.O. Box AA
Albuquerque, NM 87103
(505) 346-4646 telephone
jlr@keleher-law.com
*Attorneys for City of Las Cruces*

This certifies that, on August 6, 2018, a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case and to the following parties by U.S. Mail:

Constance J. Potter, RN, MBA: HCA
2505 Desert Dr.
Las Cruces, NM 88001

Eva Nevarez St. John, JD
1725 Mariposa
Las Cruces, NM 88001

/s/ *James L. Rasmussen*
James L. Rasmussen

4828-4692-0559, v. 1