UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re
LAS CRUCES COUNTRY CLUB, INC.,
A New Mexico Non-Profit Corporation,
    Debtors.                                            Case No. 16-12947-j7

## OBJECTION TO CLAIM #1 FILED BY CREDITOR
## FIRST VALLEY REALTY, INC.

Debtor, through undersigned counsel, hereby objects to the filed proof of claim of First Valley Realty, Inc., (hereinafter referred to as "FVR") on the following grounds:

1.     Debtor objects to FVR's filed proof of claim in full. FVR indicates the basis of its claim is for "services performed." In support of its claim, FVR attached an undated "Promissory Note" which indicates that "Payment of the unpaid principal balance and accrued and unpaid [interest], shall be due and payable following Maker's receipt of the first $1,000,000.00 payment due on the Park Ridge Note, as defined below." See Promissory Note attached as Exhibit "A" hereto.

2.     Debtor has not received "the first $1,000,000.00 payment due on the Park Ridge Note." Thus, no amounts are currently due to FVR.

3.     The "Promissory Note" further provides that "In the event that the first payment due on the Park Ridge Note is not paid to Las Cruces County Club, Inc. when due and the Park Ridge Note is accelerated, the property securing the Park Ridge Note is reacquired by the Maker by deed in lieu of foreclosure or by foreclosure, or by any other means allowed by law, the balance of this Note will become due and payable in full. However, at that time, both Las Cruces Country Club, Inc. and First Valley Realty, Inc. agree that they shall enter a listing Agreement under the same terms as the listing Agreement which produced the commission represented by this Note, and First Valley

1

Realty, Inc. shall waive its right to receive the remaining amounts owed under this Promissory Note."

4. Very simply put, the Promissory Note provides for payment when Debtor receives its first $1,000,000.00 payment from Park Ridge. That has not happened. The Promissory Note further provides a remedy if the property is reacquired by the Debtor, but it is silent as to what happens in the event of non-payment and no reacquisition by the Debtor. Since neither has occurred, nor is expected to occur in this case, Debtor, therefore, disputes the debt and objects to Claim #1 in its entirety.

5. FVR also attaches an alleged "Collateral Assignment" (hereinafter referred to as "CA") of the Promissory Note between Debtor and Park Ridge in support of its claim. See Claim #1, Part 3. The CA is not properly perfected as it was recorded on December 9, 2016 after the Debtor filed its petition for Chapter 7 bankruptcy protection on November 29, 2016. Typically, acts taken in violation of the automatic stay are deemed *void ab initio*. The recordation of the CA was a violation of the automatic stay. See 11 U.S.C. §362(a)(4) and (5). The fact that FVR further attaches the documents in support of its claim continues to violate the automatic stay; however, it does not appear that FVR is asserting a "secured" claim so it is unclear as to why the CA is attached to FVR's proof of claim.

WHEREFORE, Debtor respectfully request that the amount in Claim #1 be disallowed by the Court.

><ins>/s/Electronically filed 8.7.18</ins>
>R. "Trey" Arvizu, III
>Attorney for Debtor
>P.O. Box 1479
>Las Cruces, NM 88004
>(505)527-8600

(505)527-1199 fax
trey@arvizulaw.com

3

# Promissory Note

DATE: _____, 2014

MAKER: Las Cruces Country Club, Inc., a New Mexico not-for-profit corporation.

PAYEE: First Valley Realty, Inc. a New Mexico corporation

PLACE FOR PAYMENT (INCLUDE COUNTY):

1155 S. Telshor Suite B, Las Cruces, New Mexico 88011.

PRINCIPAL AMOUNT:

$191,943.23.

ANNUAL INTEREST RATE ON UNPAID PRINCIPAL FROM DATE OF FUNDING:

None.

TERMS OF PAYMENT (PRINCIPAL AND INTEREST):

Payment of the unpaid principal balance and accrued and unpaid, shall be due and payable following Maker's receipt of the first $1,000,000.00 payment due on the Park Ridge Note, as defined below.

ANNUAL INTEREST RATE ON DELINQUENT AMOUNTS: *LCC MAI 1ST VALLEY*

~~Eighteen percent (18%) per annum.~~ R AL

SECURITY FOR PAYMENT:

COLLATERAL ASSIGNMENT of that certain promissory note of even date herewith in the original principal amount of Four Million Eight Hundred Seventy Eight Thousand One Hundred Twenty Five and No/100ths Dollars ($4,878,125.00) executed by Park Ridge Properties, LLLP, a New Mexico limited liability limited partnership in favor of Las Cruces Country Club, Inc., a New Mexico not-for-profit corporation (the Park Ridge Note) and secured by Mortgage dated of even date, the real property located in Dona Ana County, New Mexico, more particularly described in the attached Exhibit "A."

In the event that the first payment due on the Park Ridge Note is not paid to Las Cruces Country Club, Inc. when due and the Park Ridge Note is accelerated, the property securing the Park Ridge Note is reacquired by the Maker by deed in lieu of foreclosure or by foreclosure, or by any other means allowed by law, the balance of this Note will become due and payable in full. However, at that time, both Las Cruces Country Club, Inc. and First Valley Realty, Inc. agree that they shall enter into a listing Agreement under the same terms as the listing Agreement which produced the commission represented by this Note, and First

Promissory Note - Las Cruces Country Club, Inc., a New Mexico not-for-profit corporation
to First Valley Realty, Inc. a New Mexico corporation                                    Page 2

Valley Realty, Inc. shall waive its right to receive the remaining amounts owed under this Promissory Note. First Valley Realty, Inc. further agrees that upon entering the aforementioned listing Agreement, it shall return the original copy of this Promissory Note to Las Cruces Country Club, Inc. noting that the Promissory Note is void.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

On default in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, this note and all obligations in all instruments securing it shall become immediately due at the election of Payee. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, protests, and notices of protest.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceedings, then Maker shall pay Payee reasonable attorney's fees in addition to other amounts due.

Nothing in this note shall authorize the collection of interest in excess of the highest rate allowed by law. If any amount is accrued or computed according to the terms of this note as interest which exceeds the maximum legal rate the parties intend that the actual amount charged and added to the unpaid principal balance of the note will be that amount of interest which does not exceed the maximum legal rate.

Each Maker is responsible for the entire amount of this note.

The terms Maker and Payee and other nouns and pronouns include the plural if more than one.

Las Cruces Country Club, Inc.,

a New Mexico not-for-profit corporation

By: _Robert Caldwell, Pres_.
Robert Caldwell, President
*Maker*

SECRETARY

Prepared in the law office of: R. Keith Thompson • 7350 Remcon, Ste 6, El Paso, Texas 79912
(915) 581-5858